S.B. SIMMONS LANDSCAPING & EXCAVATING, INC., PLAINTIFF v. ROGER BOGGS
AND WIFE, MARY BETH BOGGS, DEFENDANTS

No. COA07-1563

(Filed 19 August 2008)

**1. Unfair Trade Practices— statute of limitations—accrual of claim**

In an unfair and deceptive trade practice action rising from an arrangement to transfer land in exchange for forgiveness of a debt, the evidence supported the trial court's findings concerning the accrual of the claim which lead to the conclusion that the claim was barred by the statute of limitations.

**2. Unfair Trade Practices— failure to disclose information— unsupported argument—bench trial judgment following denial of summary judgment**

Plaintiff abandoned an argument concerning the failure of defendant Mary Beth Boggs to disclose information in a transaction by making an argument that consisted of a one sentence quote. A one sentence quote is not an argument; the appellate court could only make assumptions as to how plaintiff believed that the quote applied. Moreover, any error in granting partial summary judgment was made harmless by the judgment after the bench trial, where the trial court heard the issues and resolved them against plaintiff.

Appeal by plaintiff from order entered 16 May 2007 by Judge R. Stuart Albright and judgment entered 13 June 2007 by Judge Richard L. Doughton in Superior Court, Forsyth County. Heard in the Court of Appeals 15 May 2008.

*Stephen E. Lawing, for plaintiff-appellant.*

*Roberson Haworth & Reese, P.L.L.C., by Christopher C. Finan and Robert A. Brinson, for defendant-appellees.*

STROUD, Judge.

Plaintiff appeals from (1) order entered 16 May 2007 granting partial summary judgment to defendants on plaintiff's claims for specific performance of contract to convey land, action to quiet title, and all claims against defendant Mary Beth Boggs and (2) judgment entered 13 June 2007 following a bench trial dismissing plaintiff's remaining claim made pursuant to N.C. Gen. Stat. § 75-1.1 *et. seq.* For the following reasons, we affirm.

## I. Background

Plaintiff's claims arose out of an alleged contract to purchase real property known as Tract 1. The relevant factual background of the dispute as found by the trial court in its unchallenged findings of fact is as follows:

1. The Defendant, Roger Boggs ("Boggs") is the joint owner, together with his wife, Mary Beth Boggs, of a certain parcel of real property located upon Barney Road in Forsyth County (the "Property"). Mr. and Mrs. Boggs have owned the Property for numerous years.

2. In approximately 1995, Boggs solicited various quotes from contractors and other parties, including the Plaintiff, to perform certain clearing and tree-removal services upon the Property.

3. Prior to receiving a quotation from the Plaintiff to perform the work, Boggs had received a quotation from another contractor who quoted a price of $5,000.00 to perform the requested work upon the Property.

4. Subsequently, Sam Simmons ("Simmons"), an owner and the president of the Plaintiff corporation, met with Boggs on the Property, and after being told by Boggs that the previous contractor he had interviewed would have performed the requested work for a total price of $5,000.00, Simmons indicated that he would perform the same work for a total price of $4,000.00.

5. Based upon the lower price, Boggs agreed and requested that Simmons perform the work on the Property for the sum of $4,000.00. Prior to beginning the work, neither Simmons nor the Plaintiff Corporation provided Boggs with a written price quote for the work to be performed.

6. Simmons or the Plaintiff Corporation completed the work requested by Boggs sometime in 1995.

7. However, Boggs received a bill purporting to be from the Plaintiff for the total amount of $11,600.00.

On May 24, 2006, plaintiff S.B. Simmons Landscaping and Excavating, Inc. ("S.B. Simmons") filed a complaint against defendant Roger Boggs and wife Mary Beth Boggs (collectively, "the Boggs"). The complaint alleged claims for specific performance of contract to convey land as to the Boggs ("specific performance"), unfair or deceptive trade practices as to Roger Boggs ("UDTP"), and an action to quiet title as to the Boggs.

The original complaint identified Barbara Sue Simmons, ("Mrs. Simmons") individually and as personal representative of Sanford Bobby Simmons ("Mr. Simmons"), as a plaintiff, although the case caption did not include Mrs. Simmons as a named party. The amended complaint filed on 21 July 2006 identified only S.B. Simmons as plaintiff, although the amended complaint refers in numerous allegations to "plaintiffs." For example, the amended complaint alleges a "contract and agreement" between "Plaintiffs" and "Defendants Boggs" for the sale of Tract 1 on Barney Road, though S.B. Simmons, the corporation, is the only named plaintiff. We mention this fact only because it sheds some light on the continuing confusion in the facts of this case as to whether the "agreement" in question was between the plaintiff corporation, S.B. Simmons, and defendants or between Mr. Simmons, individually, and defendants.

Plaintiff's amended complaint alleged that Roger Boggs was unable to pay plaintiff in full and had represented to Mr. Simmons that he was the owner of Tract 1 and would convey Tract 1 to plaintiff. Plaintiff agreed to cancel the Boggs' remaining indebtedness of $7,370.21 and to pay Roger Boggs an additional $35,000.00, for a total purchase price for Tract 1 of $42,370.21. Plaintiff further alleged that although it paid the Boggs for Tract 1, the sale did not close due to various title defects. Ultimately, plaintiff claims that in 2006 defendants repudiated the contract and refused to sell Tract 1. Plaintiff claims that Roger Boggs violated N.C. Gen. Stat. § 75-1.1 *et seq.* by his "misrepresentations and deceptive acts" in agreeing to convey Tract 1 and inducing plaintiff to pay him substantial sums of money.

The remaining undisputed findings of fact by the trial court are as follows:

14. The Plaintiff Corporation is in the business of landscaping, clearing and grading.

15. Regardless, during the approximately two and an [sic] half (2½) year period before September 15, 2000, the Plaintiff Corporation paid Boggs the total sum of $32,200.00, the last payment occurring on September 15, 2000 in the amount of $3,200.00. Boggs received and accepted all of these funds.

16. Following the payment of $3,200.00 on September 15, 2000, Boggs received and accepted no additional sums of money from either Simmons or the Plaintiff Corporation at any time.

17. At no time prior to September 15, 2000, nor at any time after that date, did Boggs and Mary Beth Boggs convey any portion of the Property to either Simmons or the Plaintiff Corporation.

. . . .

21. Simmons died in December, 2004. Neither Simmons nor the Plaintiff Corporation filed suit against Boggs during Simmons' lifetime, nor made any demand for the return of any portion of the money paid to Boggs.

22. The Plaintiff Corporation used the Property for several years by moving heavy equipment onto the Property in 1997. All equipment was removed from the Property after the death of Simmons.

. . . .

Defendants answered the amended complaint on 17 September 2006 and included in the answer a motion to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) as well as various affirmative defenses, including the statute of limitations and statute of frauds. On 5 April 2007, defendant filed a motion for summary judgment, with an affidavit by Mary Beth Boggs. Plaintiff likewise filed a motion for summary judgment on 3 May 2007, with affidavits by Mrs. Simmons and James C. Fulbright, Registered Land Surveyor.

On 16 May 2007, the trial court entered an order granting partial summary judgment for defendants on plaintiff's claims for specific performance, the action to quiet title, and all claims against Mary Beth Boggs. The only claim then remaining was plaintiff's claim for UDTP against Roger Boggs.

The remaining claim for UDTP against Roger Boggs was tried, after both parties waived a jury trial. The court concluded that the plaintiff's claim against Roger Boggs for UDTP was barred by the statute of limitations and therefore dismissed the claim. Plaintiff

appeals from both the partial summary judgment order and the judgment granting dismissal.

Plaintiff has not argued in its brief its assignments of error as to the trial court's granting partial summary judgment for defendants as to specific performance and on the action to quiet title and has therefore abandoned these issues. *See* N.C.R. App. P. Rule 28(b)(6). Therefore, the only issues before this Court involve the claims for UDTP under N.C. Gen. Stat. § 75-1.1 *et seq.*

## II. UDTP Claim as to Roger Boggs

[1] Plaintiff first argues that the evidence does not support certain findings of fact regarding the date of accrual of plaintiff's claim for UDTP. Plaintiff's argument relates to the time of accrual of an UDTP action when there are allegedly continuing misrepresentations which induce plaintiff not to take action against defendant sooner and not to discover the alleged misrepresentations.

The case was tried as a bench trial before Judge Richard L. Doughton, Superior Court Judge. For a bench trial,

> in which the superior court sits without a jury, 'the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*.

*Luna v. Div. of Soc. Servs.*, 162 N.C. App. 1, 4, 589 S.E.2d 917, 919 (2004) (citation and ellipses omitted) (quoting *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)). We therefore review the record to determine if there was competent evidence to support the trial court's findings of fact, and if such evidence does exist, the findings are conclusive on this appeal. *See id.*

The findings of fact to which plaintiff assigns error, and the related conclusions of law, are as follows:

> 8. Sometime in 1997, Boggs and Simmons discussed an arrangement in which Boggs would convey a portion of the Property to Simmons in exchange for: 1) the forgiveness of the disputed debt allegedly owing to Simmons or the Plaintiff, 2) the clearing of the portion of the Property which was to be retained by Boggs

and Mary Beth Boggs, 3) the agreement to the location of an ease-ment across the portion of the Property to be conveyed and the cutting and clearing of the same, and 4) the hauling off of all stumps and brush.

9. In addition to the foregoing, as a final condition to the con-veyance of a portion of the Property to Simmons, Simmons was to pay Boggs the total sum of $35,000.00 in cash within ninety (90) days of the date of the parties agreement. If Simmons failed to pay the full $35,000.00 within that time period, Simmons agreed to pay interest upon the outstanding balance due at a rate of 9% per annum, together with all property taxes which accrued during the time the balance remained unpaid.

10. There is no writing or combination of writings in existence that 1) specifically describe the portion of the Property which was to have been conveyed to Simmons or the Plaintiff Corporation, 2) is signed by Boggs and Mary Beth Boggs acknowledging that any particular portion of the Property was to be conveyed, or 3) which describes the details of the arrangement described hereinabove discussed by Boggs and Simmons.

11. There was conflicting evidence presented by the Plaintiff with regard to whether this arrangement was made between Boggs and Simmons or Boggs and the Plaintiff Corporation.

12. There was no evidence presented by the Plaintiff indicating that the Plaintiff Corporation had formally adopted the purchase of a portion of the Property by resolution or otherwise. No cor-porate minute, resolution or other document indicating the Plaintiff Corporation's consent to this purchase was presented to the Court.

13. Based on the evidence presented, the Court is unable to determine whether the arrangement discussed by Boggs and Simmons was an act of the Plaintiff Corporation or an act of Simmons.

. . . .

18. Any alleged misrepresentation made by Boggs with regard to his intent to actually convey a portion of the Property to either Simmons or the Plaintiff Corporation, should have been discov-ered by either of them, with the exercise of reasonable diligence, no later than September 15, 2000.

19. Neither Simmons nor the Plaintiff Corporation exercised reasonable diligence to discover any alleged misrepresentation by Boggs.

20. Any misrepresentation by Boggs which was actually relied upon by Simmons or the Plaintiff Corporation to the detriment of the Plaintiff Corporation and which was the proximate cause of any harm to the Plaintiff Corporation, occurred, if at all, in 1997, but in any case, no later than September 15, 2000.

. . . .

7. Based upon the findings of fact set forth above, the Court concludes that any cause of action under N.C. Gen. Stat. § 75-1.1, *et seq.* alleged by Simmons or the Plaintiff Corporation against Boggs likely accrued in 1997, when the misrepresentations of Boggs, if any, were made, but in any case, such cause of action certainly accrued no later than September 15, 2000, the date of the last receipt of money by Boggs.

8. The present action is barred by N.C. Gen. Stat. § 75-16.2 and must be dismissed, the same having been filed on May 24, 2006, more than four (4) years after the Plaintiff's claim under N.C. Gen. Stat. § 75-1.1, *et seq.*, accrued.

Plaintiff argues that the trial court's finding that Roger Boggs' most recent misrepresentations, if any, were made no later than 15 September 2000 is not supported by the evidence. Plaintiff contends that the UDTP action accrued no earlier than 27 September 2002. Plaintiff correctly states the rule of law as to accrual of the action for UDTP as determined by *Nash v. Motorola Commuc'ns and Elecs*, 96 N.C. App. 329, 385 S.E.2d 537 (1989), and the trial court expressly relied upon this case in its judgment. *Nash* involved an action "under G.S. 75-1.1 . . . based on fraudulent misrepresentation." *Nash v. Motorola Commc'ns and Elecs*, 96 N.C. App. 329, 331, 385 S.E.2d 537, 538 (1989), *disc. rev. denied*, 326 N.C. 483, 392 S.E.2d 94 (1990), *aff'd per curiam*, 328 N.C. 267, 400 S.E.2d 36 (1991). This Court stated that "[u]nder North Carolina law, an action accrues at the time of the invasion of plaintiff's right. For actions based on fraud, this occurs at the time the fraud is discovered or should have been discovered with the exercise of reasonable diligence." *Nash* at 331, 385 S.E.2d at 538 (internal citation and internal quotation marks omitted).

As to the time that a "fraud is discovered or should have been discovered with the exercise of reasonable diligence," *id.*, our courts

have determined that a plaintiff cannot simply ignore facts which should be obvious to him or would be readily discoverable upon reasonable inquiry. *See Peacock v. Barnes*, 142 N.C. 215, 218, 55 S.E. 99, 100 (1906).

> A man should not be allowed to close his eyes to facts readily observable by ordinary attention and maintain for its own advantage the position of ignorance. Such a principle would enable a careless man, and by reason of his carelessness, to extend his right to recover for an indefinite length of time, and thus defeat the very purpose the statute was designed and framed to accomplish. In such case, a man's failure to note facts of this character should be imputed to him for knowledge, and in the absence of any active or continued effort to conceal a fraud or mistake or some essentiial [sic] facts embraced in the inquiry, we think the correct interpretation of the statute should be that the cause of action will be deemed to have accrued from the time when the fraud or mistake was known or should have been discovered in the exercise of ordinary diligence.

*Id.*

Plaintiff was seriously handicapped in presenting its case due to the death of Mr. Simmons, who plaintiff alleges "was the sole owner, sole director, president, and manager" of plaintiff, in December 2004. Only Mr. Simmon's widow remained to testify on behalf of plaintiff regarding the alleged "arrangement" between plaintiff and Roger Boggs, but she was admittedly not personally involved in nor did she even witness any of the relevant communications between Mr. Simmons and Roger Boggs. For these reasons, the trial court sustained many of defendants' objections and motions to strike as to Mrs. Simmons' testimony, leaving little substantive evidence of record from her testimony. Nevertheless, plaintiff's arguments in its brief focus primarily upon the facts that the trial court did *not* find, for which plaintiff argues that it did present evidence. These facts relate primarily to Boggs' continuing representations that "he would take care of" the conveyance of Tract 1 to plaintiff, which plaintiff argues continued at least up until 27 September 2002.

However, plaintiff's argument overlooks the

> well settled law that although the sufficiency of the evidence to support the trial court's findings may be raised on appeal, the appellate courts are bound by the trial courts' findings of fact

where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary.

*Cardwell v. Henry*, 145 N.C. App. 194, 195, 549 S.E.2d 587, 588 (2001) (citation and internal quotation marks omitted). There was competent evidence to support each of the findings of the trial court. Even if there was evidence that could have supported a finding by the court that Roger Boggs' misrepresentations, if any, continued until 2002 or even later, the trial judge was the sole judge of the credibility of the witnesses and the weight to give to all of the evidence. See *Floto v. Pied Piper Resort, Inc.*, 96 N.C. App. 241, 243, 385 S.E.2d 157, 159 (1989), *disc. rev. denied*, 326 N.C. 47, 389 S.E.2d 87 (1990). The trial court declined to find that Roger Boggs' representations continued until 2002. These assignments of error are therefore overruled.

Plaintiff also argues that the trial court erred in dismissing its UDTP claim based upon its findings that there was "no evidence as to the issue of whether the 'arrangement' was between S.B. Simmons or Plaintiff and the Defendant Boggs" and that there was "no evidence that Simmons was dealing as an agent of the corporation[.]" (Emphasis in original.) Based upon our ruling on the statute of limitations issue above, we need not address this issue. Even assuming *arguendo* that the "arrangement" was between plaintiff and the Boggs, the statute of limitations had run.

We also note that the assignments of error misstate the trial court's findings. The trial court did *not* find that there was "no evidence"; it found that there was "conflicting evidence" regarding "whether this arrangement was made between Boggs and Simmons or Boggs and the Plaintiff Corporation" and that there was "no evidence presented . . . indicating that the Plaintiff Corporation had formally adopted the purchase of a portion of the Property by resolution or otherwise." In effect, the trial court found that plaintiff did not meet its burden of proof to show any agreement or "arrangement" between plaintiff and Boggs. As the judge stated to counsel when he rendered his ruling and gave instructions to counsel as to drafting of the order: "And also I want you to find that there's been a failure of proof of the Plaintiff to show exactly who the contract was made with, whether it was made with the company or with the deceased individual." These assignments of error are therefore without merit.

### III. UDTP claim as to Mary Beth Boggs

[2] The UDTP claim as to Mary Beth Boggs was dismissed by the 16 May 2007 order granting partial summary judgment. Therefore, the

standard of review is "whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citation omitted). Summary judgment is appropriate when "viewed in the light most favorable to the non-movant," *id.* (citation omitted), "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c).

> The moving party must establish the lack of any triable issue of material fact by proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Smith-Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 352, 595 S.E.2d 778, 781 (2004) (citation and internal quotation marks omitted).

Although the trial court's order does not state its specific reason for granting summary judgment against plaintiff as to Mary Beth Boggs on the UDTP claim, we presume that the trial court did not grant summary judgment on this issue based upon the statute of limitations defense, as it left this issue for trial as to Roger Boggs. However, when we review the pleadings, we first question whether plaintiff even originally intended to bring a claim for UDTP against Mary Beth Boggs. Plaintiff's original and amended complaints both included as "COUNT TWO" a claim entitled "UNFAIR AND DECEPTIVE TRADE PRACTICES AGAINST ROGER BOGGS" (Emphasis in original.) The factual allegations in Count Two refer specifically to "misrepresentations and deceptive acts of Defendant Boggs"[1] only. Furthermore, there are no specific allegations as to Mary Beth Boggs within all of Count Two, the UDTP claim. In any event, the trial court construed the allegations of the complaint quite indulgently in even considering that plaintiff brought a claim for UDTP against Mary Beth Boggs.

---

1. The amended complaint notes in paragraph two that the two defendants "are collectively referred to herein as 'Boggs.'" Therefore, "Defendants Boggs" refers to both defendants, and "Defendant Boggs" in the context of the complaint, refers only to Roger Boggs.

If Mary Beth Boggs' potential liability for UDTP were only derivative from the acts of Roger Boggs, we would not need to address this issue any further, as we have previously determined that the claim against him is barred by the statute of limitations; however, plaintiff claims in its brief that Defendant Mary Beth Boggs' "unfair or deceptive" act was her failure "to inform Simmons of her objection" to selling Tract 1 while acquiescing in Roger Boggs' acceptance of payments from plaintiff. Plaintiff's entire legal argument in support of this theory consists of a one sentence quote:

> "A duty to disclose material facts arises '[w]here material facts are accessible to the vendor only, and he knows them not to be within the reach of the diligent attention, observation and judgment of the purchaser.' " *Everts v. Parkinson*, 147 N.C. App. 315, 555 S.E.2d 667, 674 (N.C.Ct.App. 2001) (quoting *Brooks v. Ervin Constr. Co.*, 253 N.C. 214, 116 S.E.2d 454, 457 (1960)).

A one-sentence quote from a case is not an argument. We can only make assumptions as to how plaintiff believes that this quote applies to the fact of this case. *See Viar v. N.C. Dep't. of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) ("It is not the role of the appellate courts . . . to create an appeal for an appellant."). We therefore deem that plaintiff has abandoned this assignment of error by its failure to address the issue in any substantive way in its brief. *See* N.C.R. App. P. 28(b)(6).

We also note that even if plaintiff had addressed this issue and demonstrated some rationale for its contention that there was a genuine issue of a material fact existing as to Mary Beth Boggs' liability for UDTP at the summary judgment stage of this case, any error in the partial summary judgment order was rendered harmless by the judgment after the bench trial, where the trial court heard the factual issues and resolved them against plaintiff. *See Starco, Inc. v. AMG Bonding and Ins. Servs*, 124 N.C. App. 332, 335, 477 S.E.2d 211, 214 (1996) ("[T]o obtain relief on appeal, an appellant must not only show error, but that appellant must also show that the error was material and prejudicial, amounting to denial of a substantial right that will likely affect the outcome of an action."). Since the issue as to Mary Beth Boggs relates only to her failure to inform plaintiff of her objections, as a co-owner of Tract 1, to its sale, the trial court's finding that "[n]either Simmons nor the Plaintiff Corporation exercised reasonable diligence to discover any alleged misrepresentation by Boggs" would necessarily also apply to any alleged failure to inform by Mary Beth Boggs. This assignment of error is also without merit.

IV. Conclusion

For the reasons stated above, we affirm the 16 May 2007 order granting partial summary judgment in favor of defendants and the 13 June 2007 judgment dismissing plaintiff's UDTP claim against defendant Roger Boggs.

AFFIRMED.

Judges McCULLOUGH and TYSON concur.