DILLON, Judge.
Angel L. Rivera ("Husband") and Jennifer L. Wilson ("Wife") appeal from an order allowing a foreclosure sale of a residential property initiated by Bank of America, N.A. ("Bank") to proceed. (Husband and Wife are collectively referred to as "Respondents.") For the following reasons, we reverse the trial court's order and remand the matter with instructions to conduct further proceedings consistent with this opinion.
I. Background
The uncontested evidence at trial tended to show the following: Respondents are husband and wife. In 2008, Respondents purchased certain real property in Mecklenburg County (the "Property"). The Property was conveyed to Respondents as Husband and Wife. Bank financed the purchase of the Property. Husband appointed Wife to sign the closing documents on his behalf as his attorney in fact.
At closing, Wife executed the note evidencing the debt (the "Note") for Husband as his attorney in fact. However, Wife did not sign the note in her own capacity. The deed of trust securing repayment of the Note (the "Deed of Trust") contains two signatures: (1) a signature which purports to be that of Wife as attorney in fact for Husband and (2) a signature which purports to be that of Wife in her individual capacity.
In 2011, the loan went into default. The substitute trustee under the Deed of Trust instituted a foreclosure action. Following a hearing, the clerk of superior court entered an order allowing foreclosure to proceed. Respondents entered notice of appeal from the clerk's order.
Respondents' appeal came on for a de novorehearing in Mecklenburg County Superior Court. Following a hearing, the trial judge made findings and entered an order allowing foreclosure to proceed. Respondents appeal from that order.
II. Summary
On appeal, Respondents essentially raise three issues: (1) they challenge the trial court's determination that the Bank is the holder of a valid debt; (2) they challenge the trial court's determination that they are in default; and (3) Wife challenges the trial court's failure to determine whether she, in fact, executed the Deed of Trust.
With respect to the first two issues, we hold that the trial court did not err in finding that the Bank is the holder of a valid debt and that Respondents are in default, and we affirm these findings. With respect to the third issue, though, we agree with Respondents that the trial court erred by failing to determine whether Wife executed the Deed of Trust or whether her signature was forged. Specifically, forgery is a legaldefense-as opposed to an equitabledefense-and, therefore, was properly before the trial court. However, the court neglected to resolve the question of whether Wife's signature on the Deed of Trust was forged. Accordingly, we reverse the order of foreclosure and remand the matter to the trial court to make additional findings concerning Wife's legal defense, and to enter an order based on those findings.
III. Analysis
The procedure for the sale of property under the power of sale in a deed of trust is set forth in Chapter 45, Article 2A, Part 2 of the North Carolina General Statutes. In re Foreclosure of Goforth Props., Inc.,334 N.C. 369, 374, 432 S.E.2d 855, 858 (1993). This procedure provides for a hearing before the clerk of superior court. See id.At this hearing, the clerk's authority is limited to determining whether the party seeking foreclosure has proven six factors:
(i.) The existence of a valid debt of which the party seeking to foreclose is the holder;
(ii.)The existence of a default;
(iii.) The right to foreclose under the deed of trust;
(iv.) Proper notice to the record owners of the property;
(v.) If applicable, home loan compliance as set forth in N.C. Gen.Stat. § 45-21.16(d) ; and
(vi.) The sale is not barred due to a party's military service.
N.C. Gen.Stat. § 45-21.16(d) (2012). The decision of the clerk may be appealed to the district or superior court for a de novohearing before a judge. Id.§ 45-21.16(d1). At this de novohearing, the issues to be considered by the trial judge are also limited to these six factors. See Goforth Props.,334 N.C. at 374, 432 S.E.2d at 858 (decided under former version of N.C. Gen.Stat. § 45-21.16, which contained only four factors); In re Foreclosure of Simpson,211 N.C.App. 483, 487, 711 S.E.2d 165, 169 (2011).
Our Supreme Court has held that at a hearing under N.C. Gen.Stat. § 45-21.16 -whether before a clerk or before a judge-legaldefenses tending to negate any of the six factors may be raised and considered; however, equitabledefenses may not be presented. Goforth Props.,334 N.C. at 374-75, 432 S.E.2d at 859. Rather, equitable defenses to the foreclosure may only be asserted in a separate actionbrought under N.C. Gen.Stat. § 45-21.34 to enjoin the foreclosure sale. Id.at 374, 432 S.E.2d at 859.
We now turn to address Respondents' arguments on appeal.
A. The Bank Is the Holder
Respondents argue that the trial court erred in concluding that Bank is the holder of a valid debt. We disagree.
We review de novowhether a party seeking foreclosure under a power of sale is the holder of a valid debt. In re Foreclosure of Gray,---N.C.App. ----, ----, 741 S.E.2d 888, 889 (2013).
Determination that a party is the holder of a valid debt requires competent evidence (1) of the existence of a valid debt and (2) that the party seeking to foreclose is the holder of that debt. In re Foreclosure of Adams,204 N.C.App. 318, 321-22, 693 S.E.2d 705, 709 (2010). Photocopies are competent evidence of a valid debt as long as neither party contests the accuracy of the copies. See, e .g., In re Foreclosure of Helms,55 N.C.App. 68, 70, 284 S.E.2d 553, 554-55 (1981). Furthermore, "a 'valid debt' can be evidenced by several documents (including a confirmed bankruptcy plan), each modifying the terms of the other." In re Foreclosure of L.L. Murphrey Co.,---N.C.App. ----, ----, 764 S.E.2d 221, 227 (2014).
"[T]he definition of 'holder' under the Uniform Commercial Code ("UCC"), as adopted by North Carolina, controls the meaning of the term as it is used in section 45-21.16 of our General Statutes[.]" Simpson,211 N.C.App. at 490, 711 S.E.2d at 171. "The UCC defines the holder of a negotiable instrument to include '[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.' " In re Foreclosure of Bass,366 N.C. 464, 468, 738 S.E.2d 173, 176 (2013) (quoting N.C. Gen.Stat. § 25-1-201(b)(21)(a) (2011) ). Again, as long as "there is no evidence that photocopies of a note or deed of trust are not exact reproductions of the original instruments, a party need not present the original note or deed of trust and may establish that it is the holder of the instruments by presenting photocopies of the note or deed of trust." Dobson v. Substitute Tr. Servs., Inc.,212 N.C.App. 45, 48, 711 S.E.2d 728, 730 (2011).
In the present case, Bank produced a copy of the Note naming it as the "Lender" and "Note Holder." Respondent produced a copy of the Note which differed from the copy produced by Bank in one respect: Respondents' copy contained an endorsement in blank. However, there was nothing on Respondents' copy indicating that Bank endorsed the Note to another party. Additionally, Respondents do not argue that Bank was not a party to the Note. Furthermore, at no point have Respondents contested the accuracy of the copies. Accordingly, we hold that there was competent evidence that Bank was the holder of a valid debt.
B. Respondents Defaulted
Respondents next argue that the trial court erred in concluding that they were in default under the Note. We disagree.
We review the trial court's conclusion that a party is in default under an instrument authorizing foreclosure under a power of sale de novo.L.L. Murphrey,--- N.C.App. at ----, 764 S.E.2d at 227. Whereas the interpretation of an instrument creating an obligation of repayment presents a legal question, the question of whether a party is in default for failing to meet that obligation is one of fact. See In re Foreclosure of Manning,---N.C.App. ----, ----, 747 S.E.2d 286, 291 (2013). An affidavit of default by a bank official is relevant and admissible to show default. In re Foreclosure of Yopp,217 N.C.App. 489, 491-94, 720 S.E.2d 769, 771-72 (2011).
In the present case, the Note establishes Respondents' obligation to make monthly installments, and the affidavit of a Bank officer familiar with Bank's business records avers that said records indicate that Respondents have not made any payments under the Note since February 2011. Respondents have not asserted at any point that they were not in default under the terms of the Note or that they attempted to cure this default by making payments to satisfy their outstanding obligations. Therefore, we hold that competent evidence existed to support the trial court's finding of default, and that the court's conclusion that they were in default under the terms of an instrument authorizing foreclosure was correct. Accordingly, this argument is overruled.
C. Wife's Signature on the Deed of Trust
Finally, Wife argues that a signature on the Deed of Trust purporting to be hers is a forgery. Wife admits to signing the Deed of Trust as the attorney in fact for Husband. However, she offered evidence at the hearing to suggest that a second signature on the Deed of Trust purporting to be that of Wife signing in her individual capacity was a forgery.
We review a trial court's conclusion that a petitioner has a right to foreclose under an instrument creating a power of sale de novo.L.L. Murphrey,--- N.C.App. at ----, 764 S.E.2d at 227.
This Court has held that the forgery of loan documents is a proper "legal" defense in a foreclosure hearing under N.C. Gen.Stat. § 45-21.16. In re Foreclosure of Hudson,182 N.C.App. 499, 503, 642 S.E.2d 485, 488 (2007) (note forged); In re Foreclosure of Espinosa,135 N.C.App. 305, 308, 520 S.E.2d 108, 110-11 (1999) (note and deed of trust forged). Therefore, as here, where the defense of forgery is raised by an owner who has purportedly pledged her property, the clerk-or the judge on de novoreview-in a hearing under N.C. Gen.Stat. § 45-21.36, must make a finding on the issue.
In the present case, the lower court's order does not contain a finding as to whether Wife's purported signature on the Deed of Trust was genuine or forged, though there is a finding that Wife and Husband "have shown no valid legal reason why foreclosure should not commence." However, there is a likelihood that the trial court did not determine the forgery issue-erroneously considering the defense equitablein nature and, therefore, beyond the reach of its authority under N.C. Gen.Stat. § 45-21.16 -when making its finding that there was "no valid legalreason why foreclosure should not commence." (Emphasis added.) Specifically, the transcript shows that Bank's counsel argued at length that the trial court was not required to make a finding on the forgery issue because this issue presented an equitable defense which Wife could only raise in a separate action brought under N.C. Gen.Stat. § 45-21.34, and that the trial court appeared to wrestle with this question, without making a decision one way or the other.
We, therefore, reverse the trial court's order of foreclosure and remand for findings to determine whether Wife executed the Deed of Trust in her individual capacity or otherwise joined with Husband in pledging the Property based on some other legal theory. See, e.g., Espinosa,135 N.C.App. at 308-09, 520 S.E.2d at 511-12 (ratification). On remand, it is certainly within the trial court's discretion to allow the parties to introduce additional evidence on this issue.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
Judges STROUD and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by Respondents from order entered 6 January 2014 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 February 2015.