335 S.E.2d 890 (1985)
In re ADVISORY OPINION.
Supreme Court of North Carolina.
October 31, 1985.
The Honorable Robert B. Jordan, III President of the Senate North Carolina General Assembly Raleigh, North Carolina 27611
The Honorable Liston B. Ramsey Speaker of the House North Carolina General Assembly Raleigh, North Carolina 27611
Dear Mr. President and Mr. Speaker:
We acknowledge your request dated July 31, 1985, for an advisory opinion as to whether Sections 5 and 6 and subsection 7A-752 of Section 2, all being contained in Chapter 746 of the 1985 Session Laws, are consistent with the North Carolina Constitution. Sections 5 and 6 essentially seek to establish an "Administrative Rules Review Commission" as an agency within the Department of Justice with power to review and "disallow" administrative rules and regulations which do not comport with specified standards set out in Chapter 746. Subsection 7A-752 of Section 2 provides that the Chief Justice shall appoint the Director of the Office of Administrative Hearings, an agency newly created by Chapter 746. Section 18.1 amends subsection 7A-752 of Section 2 so as to substitute "Attorney General" for "Chief Justice."
We understand that your request is made pursuant to Section 19 of Chapter 746 which provides in part:
Sections 5 and 6 shall become effective 30 days from the date the Supreme Court issues an advisory opinion on the constitutionality of those sections unless the opinion states that those sections are unconstitutional, in which event those sections shall not become effective. Section 18.1 shall become effective only if the *891 Supreme Court issues an advisory opinion that the appointment of the chief hearing officer by the Chief Justice is unconstitutional.
Thus under Section 19, statutory creation of the "Administrative Rules Review Commission" is conditioned upon the issuance of an advisory opinion by the Supreme Court that such creation comports with the North Carolina Constitution. Further under Section 19 together with subsection 7A-752 of Section 2, the Chief Justice is empowered to appoint the Director of the Office of Administrative Hearings unless the Supreme Court issues an advisory opinion that such power to appoint contravenes the North Carolina Constitution, in which event the power is given to the Attorney General. The effect, therefore, of Section 19 of Chapter 746 is to make the creation of the Administrative Rules Review Commission dependent upon the issuance by the Court of a favorable advisory opinion and to leave the appointive power of the Chief Justice intact in the absence of the issuance by the Court of an unfavorable opinion.
We also have before us a letter from the Honorable James G. Martin, Governor of North Carolina, asking on several grounds that we not issue the advisory opinion you have requested.
Out of utmost respect for the Legislative and Executive Branches of our government, co-equals with each other and with the Judicial Branch, and for the high office and responsibility which each of you and the Governor hold, we have given your request our most careful attention and deliberation. Largely because of the nature and effect of the advisory opinion contemplated by Section 19 of Chapter 746, we most respectfully decline to issue such an opinion.
The North Carolina Constitution does not authorize the Supreme Court as a Court to issue advisory opinions. But from time to time "as a matter of courtesy, and out of respect to a coordinate branch of the government," individual members of the Court acting in their individual capacities have given such opinions. In the Matter of Advisory Opinions, 196 N.C. 828 (1929). Because these opinions have been, and constitutionally can only be, opinions of individual members of the Court and not the Court itself, they have not and could not have had the force of law. Advisory opinions of the justices as individuals may be persuasive authority for the points of law addressed, but they are in no sense binding or obligatory on those points.
Yet Section 19 of Chapter 746, pursuant to which your request is made, seems to contemplate that the Court itself in its capacity as a court give its advisory opinion. Partly for the reason that the Court was asked to give such an advisory opinion in In the Matter of Advisory Opinions, the Court in that instance declined to do so.
Even if we could construe Section 19 of Chapter 746 to refer simply to the opinions of the Justices individually, there are two even more fundamental principles which we are satisfied would be violated were we in our individual capacities to give an opinion in this instance.
The first is that the opinion would, in effect, have the force of law. An opinion favorable to the creation of the Administrative Rules Review Commission would mean that 30 days thereafter the commission would in law be created. An unfavorable opinion would mean, it seems, that no commission would be created at all pursuant to Chapter 746. An advisory opinion that the Chief Justice may not constitutionally appoint the Director of the Office of Administrative Hearings would confer in law the appointive power upon the Attorney General. A contrary advisory opinion would leave the power with the Chief Justice. To grant your request the members of the Supreme Court would have to place themselves directly in the stream of the legislative process. This kind of legislative power, we believe, should not be conferred upon or accepted by this Court or the Court's individual members.
*892 Second, the General Assembly, as a branch of government coordinate with the Judicial Branch, should be given full opportunity to make its own determination in the first instance of whether any proposed legislation is constitutional. Neither the Court nor its individual members should interpose, except perhaps in a purely advisory capacity, opinions on constitutional issues before the Legislative Branch has made its own determination of such issues. That the final word on constitutionality may rest with the Judicial Branch in no way denigrates or makes less crucial the General Assembly's initial determination as to the constitutionality of proposed legislation. Were we to issue the opinion requested before the General Assembly has made its own determination of constitutionality, we would discount too much the General Assembly's prerogative to first address and determine the constitutionality of its legislation.
We recognize that under Section 19 of Chapter 746 some legal effect may attach even to our decision not to issue an advisory opinion. Whatever the effect of this decision, it will not be of our own making but of the General Assembly's, which is as it should be. By declining to issue an advisory opinion, at least we will not have put ourselves in the stream of the legislative process. The issuance of such an opinion under the circumstances here presented would have that undesirable effect.
Trusting that our views on the matter will be respected and understood, we, for the reasons given, respectfully decline to give the advisory opinion you request.
 Respectfully yours,
 JOSEPH BRANCH,
 Chief Justice
 JAMES G. EXUM, Jr.,
 LOUIS B. MEYER,
 BURLEY B. MITCHELL, Jr.,
 HARRY C. MARTIN,
 HENRY E. FRYE,
 RHODA B. BILLINGS,
 Associate Justices