432 S.E.2d 855 (1993)
334 N.C. 369
In the Matter of the FORECLOSURE OF a DEED OF TRUST Executed by GOFORTH PROPERTIES, INC., a NC Corporation, in the principal amount of $100,000.00 dated December 22, 1989, recorded in Book 367, page 133 in the Orange County Registry by William J. Bair, Substituted Trustee by Instrument recorded in Book 934, page 325, Orange County Registry.
Edwin W. TENNEY, Jr., William A. Reppy, Jr. and Juliann Tenney
v.
Stephen S. BIRDSALL, Margo L. Price, Tawfik A. Zein and Rima F. Zein.
No. 123PA93.
Supreme Court of North Carolina.
July 30, 1993.
*856 Thomas H. Stark, Durham, for petitioners-appellants.
Maxwell & Hutson, P.A. by James H. Hughes and Lauren M. Mikulka, Durham, for respondent-appellees.
PARKER, Justice.
This proceeding was initiated by the substitute trustee's petition for hearing prior to foreclosure sale pursuant to N.C.G.S. § 45-21.16, filed 28 October 1991 in Orange County. After a hearing on 4 December 1991, the assistant clerk of superior court authorized foreclosure. Respondents Birdsall, Price, and Zein appealed pursuant to N.C.G.S. § 45-21.16(d). The appeal came on for hearing at the 21 January 1992 Civil Session of Superior Court for Orange County but was continued on account of the presiding judge's recusal. The parties agreed to waive venue and the matter was heard at the 27 January 1992 Civil Session of Superior Court for Durham County. By his order entered 14 February 1992, the judge concluded petitioners Tenney and Reppy were not entitled to foreclose and vacated the clerk's order. On 20 February 1992 petitioners gave notice of appeal to the Court of Appeals; this Court granted review prior to determination by the Court of Appeals. For the reasons which follow we agree that foreclosure was barred and affirm the order of the superior court.
On 24 April 1981 petitioner Edwin W. Tenney, Jr., and wife, Anita L. Tenney (not a party to this proceeding), and petitioners William A. Reppy, Jr., individually and as trustee, and wife, Juliann Tenney, executed a general warranty deed conveying to Goforth Properties, Inc. (herein "Goforth"), two tracts of land on the southeast corner of Henderson and Franklin Streets in Chapel Hill, North Carolina. As part of the consideration for this conveyance, Goforth executed a purchase money note in the amount of $100,000, payable to Edwin W. Tenney, Jr. or Anita L. Tenney; and William A. Reppy, Jr. or Juliann Tenney. This purchase money note was secured by a purchase money deed of trust of even date in which Goforth conveyed this same property to William Griffin Graves, III, trustee for Edwin W. Tenney, Jr. and wife, Anita L. Tenney; and William A. Reppy, Jr. and wife, Juliann Tenney.
On 2 July 1981 Goforth executed a document entitled "Supplemental Deed of Trust" conveying certain property to the trustee for the benefit of the beneficiaries in the April purchase money deed of trust. Since this document is central to the parties' dispute, we include the following pertinent parts:
This Indenture, made and entered into on this the 2nd day of July, 1981, by and between GOFORTH PROPERTIES, INC., P.O. Drawer 967, Chapel Hill, *857 North Carolina, 27514, Party of the First Part; WM. GRIFFIN GRAVES, III, Trustee, Party of the Second Part; and EDWIN W. TENNEY, JR. and wife, ANITA L. TENNEY, WILLIAM A. REPPY, JR. and wife, JULIANN TENNEY, Parties of the Third Part; all of Orange County, North Carolina;

WITNESSETH:
THAT WHEREAS, the party of the first part has heretofore executed to said Wm. Griffin Graves, III, Trustee for the parties of the third part, a deed of trust dated April 24, 1981, and recorded in Book 361, at Page 440, in the office of the Register of Deeds of Orange County, North Carolina, conveying certain lands therein described; and whereas said party of the first part desires to give additional security for said prior deed of trust upon the terms and conditions herein set out;
NOW THEREFORE, said party of the first part in consideration of the premises and of the sum of Ten Dollars and other valuable considerations paid to said party of the first part by said party of the second part, the receipt of which is hereby acknowledged, has bargained and sold and by these presents does bargain, sell and convey unto the said party of the second part, and his heirs and assigns, a certain parcel of land lying and being in Chapel Hill Township, Orange County, North Carolina, and more particularly described as follows:
BEGINNING at an iron stake located in the northwestern intersection of Estes Drive (S.R. 1780) and Seawell School Road (S.R. 1848) ... containing 17.31 acres and known as Phase II, IRONWOODS SUBDIVISION, according to the plat and survey of The John R. McAdams Company, Inc.[,] dated October, 1980.
To have and to hold the aforesaid tract of land, together with all privileges and appurtenances thereunto belonging, to him, the said party of the second part, as Trustee as aforesaid, upon the trust and for the uses and purposes as follows:
If the debt secured by said former deed of trust be paid in full, then and in that event this deed of trust shall become null and void.
If said former deed of trust be foreclosed under the conditions and in the manner therein provided and the net proceeds of such foreclosure, after deducting legal costs and expenses, be sufficient to pay the debt thereby secured, this deed of trust shall become null and void.
If, however, the net proceeds realized f[ro]m a foreclosure of said former deed of trust be not sufficient to pay the debt secured by said prior deed of trust, this deed of trust may be foreclosed in the same manner as therein provided for the foreclosure of said former deed of trust and the net proceeds realized from the foreclosure of this deed of trust may be used by the Trustee as far as the same may be necessary or may extend to the payment of the then unpaid balance of the debt secured by said former deed of trust and the surplus thereafter remaining, if any, shall be paid by the Trustee to the party of the first part or his legal representatives.
On that same day trustee Graves, all the Tenneys, and Reppy executed a deed releasing to Goforth the property conveyed in the April purchase money deed of trust securing the purchase money note.
Sometime after the July transactions, Goforth conveyed Lot 9, Phase II, Ironwoods Subdivision, to respondents Birdsall and Price and Lot 1 in the same subdivision to respondents Zein. Goforth subsequently defaulted on the purchase money note. In July 1991 petitioners Edwin W. Tenney, Jr., William A. Reppy, Jr., and Juliann Tenney, then owners and holders of the purchase money note and beneficiaries of the purchase money deed of trust, executed and recorded a document appointing William J. Bair substitute trustee under the supplemental deed of trust. Pursuant to the supplemental deed of trust Bair sought to foreclose on Ironwoods Lots 9 and 1, petitioning for a hearing as described above.
*858 On hearing respondents' appeal from the clerk's order permitting foreclosure, the superior court judge made written findings of fact and the following conclusions of law:
1. There is a valid debt of which the parties seeking to foreclose are the holders and there has been a default in the repayment of said debt. Proper notice has been given to those parties entitled to such under the provisions of G.S. 45-21.16(b).
2. The plain and unambiguous language of the Supplemental Deed of Trust requires that, before the Supplemental Deed of Trust may be foreclosed, there must be a foreclosure of the purchase money deed of trust and insufficient proceeds realized therefrom to satisfy the purchase money note secured by said purchase money deed of trust. Said provision constitutes a condition precedent to the petitioners' rights to foreclose the Supplemental Deed of Trust.
3. The noteholders[,] having released all of the property described in the purchase money deed of trust, no longer have the right to foreclose pursuant thereto and, therefore, cannot perform the condition precedent. Therefore, the Substituted Trustee has no right to proceed to foreclose pursuant to the power of sale contained in the Supplemental Deed of Trust.
4. The provision of the Supplemental Deed of Trust dated July 2, 1981 quoted above in Paragraph 4 of the Findings of Fact purporting to provide additional security for the purchase money note [is] violative of N.C.G.S. 45-21.38.
5. Petitioners are not entitled to proceed against the property described in the Supplemental Deed of Trust as security for the debt evidenced by the purchase money deed of trust from Goforth Properties, Inc.
On appeal to this Court petitioners' contentions include that the superior court erred in concluding (i) the supplemental deed of trust included a condition precedent and (ii) the provisions of the supplemental deed of trust were violative of the anti-deficiency judgment statute, N.C.G.S. § 45-21.38. We first address the issue of a condition precedent in the supplemental deed of trust.
Article 2A of Chapter 45 of the General Statutes sets out the procedure for sale pursuant to a power of sale in a deed of trust. N.C.G.S. § 45-21.16 (1991). "Historically, foreclosure under a power of sale has been a private contractual remedy. Brown v. Jennings, 188 N.C. 155, 124 S.E. 150 (1924); Eubanks v. Becton, 158 N.C. 230, 73 S.E. 1009 (1912)." In re Foreclosure of Burgess, 47 N.C.App. 599, 603, 267 S.E.2d 915, 918, appeal dismissed, 301 N.C. 90 (1980). After the trustee's compliance with the notice provisions of the statute, the clerk of court may conduct a hearing for the limited purpose of determining (i) the existence of a valid debt of which the party seeking foreclosure is the holder, (ii) the existence of default, (iii) the trustee's right to foreclose, and (iv) the sufficiency of notice of the hearing to the record owners of the property. In re Foreclosure of Deed of Trust, 55 N.C.App. 68, 71, 284 S.E.2d 553, 555 (1981) ("Foreclosure of Helms"), disc. rev. denied, 305 N.C. 300, 291 S.E.2d 149 (1982). On appeal from an order of the clerk authorizing the trustee to proceed with sale, the judge is limited to determining those same four issues resolved by the clerk. In re Foreclosure of Fortescue, 75 N.C.App. 127, 128, 330 S.E.2d 219, 220, disc. rev. denied, 314 N.C. 330, 335 S.E.2d 890 (1985). Nevertheless, the intent of the legislature in enacting the notice and hearing provisions of N.C.G.S. § 45-21.16
was not to alter the essentially contractual nature of the remedy, but rather to satisfy the minimum due process requirements of notice to interested parties and hearing prior to foreclosure and sale which the district court in Turner v. Blackburn, 389 F.Supp. 1250 (W.D.N.C. 1975), held that our then existing statutory procedure lacked. In re Foreclosure of Sutton Investments, 46 N.C.App. 654, 266 S.E.2d 686 (1980).
In re Foreclosure of Burgess, 47 N.C.App. at 603, 267 S.E.2d at 918; see also In re Foreclosure of Michael Weinman Associates, *859 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993) (stating that parties to a deed of trust have agreed to abandon the traditional foreclosure by judicial action in favor of a private contractual remedy).
Equitable defenses to foreclosure, such as waiver of the right to prompt payment through acceptance of late payments, may not be raised in a hearing pursuant to N.C.G.S. § 45-21.16 or on appeal therefrom but must be asserted in an action to enjoin the foreclosure sale under N.C.G.S. § 45-21.34. In re Foreclosure of Fortescue, 75 N.C.App. at 131, 330 S.E.2d at 222. By contrast, evidence of legal defenses tending to negate any of the four findings required under N.C.G.S. § 45-21.16 may properly be raised and considered. For example, whether the property to be sold at the foreclosure sale is legally encumbered by the lien of the deed of trust is a proper issue to be proved and resolved by the clerk of superior court in determining the trustee's right to foreclose. In re Foreclosure of Michael Weinman Associates, 333 N.C. at 230, 424 S.E.2d at 388-89; see also In re Foreclosure of Deed of Trust, 55 N.C.App. 373, 375, 285 S.E.2d 615, 617 ("Foreclosure of Bonder") (affirming trial court's exclusion of evidence insufficient to create a legal defense), aff'd, 306 N.C. 451, 293 S.E.2d 798 (1982).
In Weinman, this Court also reiterated that foreclosure under a power of sale is not favored in the law, and its exercise "`will be watched with jealousy.'" 333 N.C. at 228, 424 S.E.2d at 389 (quoting Spain v. Hines, 214 N.C. 432, 435, 200 S.E. 25, 28 (1938)). Unambiguous language in a deed of trust is controlling on the issue of whether the instrument raises a legal defense to foreclosure. Foreclosure of Bonder, 55 N.C.App. at 376, 285 S.E.2d at 617 (finding deed of trust did not restrict the lender's right to withhold consent to transfer to those situations wherein the lender deemed itself insecure).
In general, a condition creates no right or duty but is merely a limiting or modifying factor in a contract. 17A Am.Jur.2d Contracts § 468 (1991). "Almost any event may be made a condition." II E. Allan Farnsworth, Farnsworth on Contracts § 8.2 (1990). The event may be largely within the control of the obligor or the obligee. Id. Conditions agreed to by the parties "are commonly referred to as `express conditions.' Parties often use language such as `if,' `on condition that,' `provided that,' `in the event that,' and `subject to' to make an event a condition, but other words may suffice." Id.
A condition precedent is an event which must occur before a contractual right arises, such as the right to immediate performance. Farmers Bank v. Brown Distributors, 307 N.C. 342, 350, 298 S.E.2d 357, 362 (1983). "`Breach or non-occurrence of a condition prevents the promisee from acquiring a right, or deprives him of one, but subjects him to no liability....'" Construction Co. v. Crain and Denbo, Inc., 256 N.C. 110, 117, 123 S.E.2d 590, 595 (1962) (quoting 3 Samuel Williston, A Treatise on the Law of Contracts § 665 (rev. ed. 1936)). "`[T]he provisions of a contract will not be construed as conditions precedent in the absence of language plainly requiring such construction.'" Id. at 118, 123 S.E.2d at 596 (quoting Larson v. Thoresen, 116 Cal.App.2d 790, 794, 254 P.2d 656, 658 (1953)). "The weight of authority is to the effect that the use of such words as `when,' `after,' `as soon as,' and the like, gives clear indication that a promise is not to be performed except upon the happening of a stated event." Jones v. Realty Co., 226 N.C. 303, 306, 37 S.E.2d 906, 908 (1946); see also Farmers Bank v. Brown Distributors, 307 N.C. at 351, 298 S.E.2d at 362 (quoting same passage and adding that "whether" and "if" are "words of `the like'").
With these principles in mind we turn to the facts of the instant case. We note first that the purchase money note and deed of trust comprised the parties' underlying contract in which promisor Goforth agreed to make payments under the note. The purchase money deed of trust gave petitioners a contractual remedy for default, namely a right to foreclose as in Burgess and Weinman. A condition precedent to exercise of *860 that right was default in payment by Goforth.
Unlike the original purchase money deed of trust, the supplemental deed of trust contains no authorization for outright foreclosure of the Ironwoods property in the event of default on the purchase money note. To the contrary, the language of the supplemental deed of trust explicitly imposes a condition on petitioners' exercise of their right to foreclose under the supplemental deed of trust, namely, "if the net proceeds realized from a foreclosure of said former deed of trust be not sufficient to pay the debt secured by said prior deed of trust, this deed of trust may be foreclosed...." Thus, by specific language in the supplemental deed of trust, the right to foreclose thereunder was linked to proceeds from foreclosure under the former deed of trust, i.e., the purchase money deed of trust. Furthermore, if the debt secured by the former deed of trust was paid in full, the supplemental deed of trust became null and void; and if the former deed of trust was foreclosed and net proceeds from foreclosure sufficed to pay the debt secured, the supplemental deed of trust became null and void. Hence, under the plain language of the instrument, foreclosure of the purchase money deed of trust had to occur before petitioners could exercise their right to foreclose under the supplemental deed of trust. We conclude, therefore, that foreclosure under the purchase money deed of trust was a condition precedent to petitioners' exercise of their right to foreclose on the property conveyed in the supplemental deed of trust. Because petitioners released the property encumbered by the purchase money deed of trust, however, foreclosure thereunder, the condition precedent to exercise of their right to foreclose under the supplemental deed of trust, could not occur.
Petitioners argue that the interpretation set out above is hypertechnical and stretches the language of the supplemental deed of trust beyond its plain meaning and the intention of the parties. Further, according to petitioners, the release deed clearly indicates the parties' intention was to substitute collateral; but even without considering the release deed, the most expansive reading of the supplemental deed of trust leads to the conclusion that the intention of the parties was to create a priority among properties securing the obligation under the purchase money note. We do not find these arguments persuasive.
The supplemental deed of trust nowhere suggests that a substitution of property for that in the purchase money deed of trust is intended. To the contrary, the instrument itself is titled "Supplemental Deed of Trust," not "Substitute Deed of Trust." Further, the instrument states: "whereas said party of the first part desires to give additional security for said prior deed of trust...." (Emphasis added.) The supplemental deed of trust does not refer to the release deed. If the Franklin Street property conveyed in the purchase money deed of trust were being released and the Ironwoods property merely substituted in its place, there would have been no need to mention foreclosure of the Franklin Street property in the supplemental deed of trust. The intent of the parties ascertained from the unambiguous language of the supplemental deed of trust, not the release deed, governs foreclosure. Having voluntarily rendered the condition precedent impossible of performance by releasing the property conveyed in the purchase money deed of trust, petitioners cannot now contend that the language of the supplemental deed of trust, which they accepted, does not reflect their intentions.
We also find petitioners' contention that the supplemental deed of trust did not violate the anti-deficiency judgment statute, N.C.G.S. § 45-21.38, to be without merit. In construing the meaning of this statute, this Court has said:
[T]he manifest intention of the Legislature was to limit the creditor to the property conveyed when the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.
*861 Realty Co. v. Trust Co., 296 N.C. 366, 370, 250 S.E.2d 271, 273 (1979). Thereafter in Merritt v. Edwards Ridge, 323 N.C. 330, 372 S.E.2d 559 (1988), a case involving collection of attorney's fees, the Court, after quoting the above language from Realty Co., stated:
We did not restrict this construction of the statute to cases in which the purchase money creditor was suing on the note or was seeking only to recover the unpaid balance of the purchase price. Given our prior construction of our anti-deficiency statute in Realty Co., and more recently in Barnaby, [v. Boardman, 313 N.C. 565, 330 S.E.2d 600 (1985) ], we now hold that when the purchase money debtor defaults, the purchase money creditor is limited strictly to the property conveyed in all cases in which the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price.
Id. at 335, 372 S.E.2d at 562 (emphasis added).
In the present case, the property to be sold at foreclosure under the supplemental deed of trust was not the property conveyed for which the purchase money note and purchase money deed of trust were given; yet the debt to be satisfied was that reflected by the purchase money note. Moreover, petitioners have argued to this Court that the supplemental deed of trust created a priority among properties securing the obligation expressed in the purchase money note. The record does not reveal, and we cannot speculate why the parties elected to structure the transaction in this fashion. Regardless of their motivation, however, under the unequivocal language in Merritt, the provisions of the supplemental deed of trust purporting to provide additional security for the purchase money note were unenforceable under N.C.G.S. § 45-21.38.
For the foregoing reasons we hold the trial court did not err in concluding foreclosure under the supplemental deed of trust was barred and in vacating the clerk's order authorizing foreclosure. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
WHICHARD, J., did not participate in the consideration or decision of this case.
WEBB, Justice, dissenting.
I dissent. I believe there is only one way the transactions in this case may be construed and that is that the parties intended that the Ironwoods property be substituted for the Franklin Street property as security for the debt owed by Goforth Properties to the petitioners. This the parties had a right to do. The recording of the supplemental deed of trust on the same day as the release of the first deed of trust shows the recording of the two instruments was part of a single transaction. It is inconceivable to me that as a part of this transaction the parties intended that a deed of trust would be recorded which could not be foreclosed. I do not believe the foreclosure of the first deed of trust was a condition precedent to the foreclosure of the supplemental deed of trust and I would let the foreclosure proceed.
I also do not believe the anti-deficiency judgment statute, N.C.G.S. § 45-21.38 (1991), is any impediment to the foreclosure in this case. Certainly the two cases upon which the majority relies, Realty Co. v. Trust Co., 296 N.C. 366, 250 S.E.2d 271 (1979) and Merritt v. Edwards Ridge, 323 N.C. 330, 372 S.E.2d 559 (1988), are not authority for the result reached in this case. The parties had the right, which they exercised in this case, to substitute for the original security. When this substitution was made, the new deed of trust was not a purchase money deed of trust. There is no reason why this deed of trust cannot be foreclosed.
I vote to reverse the superior court.