An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1249

Filed: 21 July 2015

Wake County, No. 14 CVD 2595

JOSEPH BRENT WARD, Plaintiff,

v.

NUCAPITAL ASSOCIATES, INC., and AC JOHNSON, Defendants.

Appeal by plaintiff from order entered 25 August 2014 by Judge Debra A. Sasser in Wake County District Court. Heard in the Court of Appeals 7 April 2015.

> *Anderson Jones, PLLC, by Todd A. Jones, Christine F. Mayhew, and Lindsey E. Powell, for plaintiff-appellant.*
>
> *Russell Goetchus & Associates, PC, by Seth Percy, for defendant-appellees.*

BRYANT, Judge.

Because the face of plaintiff's complaint reveals no insurmountable bar to recovery and the complaint contains adequate notice of the nature and extent of plaintiff's breach of contract claim, we hold that the trial court erred in granting defendants' Rule 12(b)(6) motion to dismiss and, thus, reverse and remand for further proceedings.

On 28 February 2014, plaintiff Joseph Brent Ward filed a complaint against defendants Nucapital Associates, Inc., and A.C. Johnson. In his complaint, plaintiff alleged that he verbally contracted with defendants for plaintiff to enroll in a real

estate course which was to include the provision of articles, spreadsheets, wholesaling information, local contacts for investment purposes and "a promise of helping . . . Plaintiff in five wholesale real estate closings (in which Defendants earned a percentage of each closing)." Plaintiff paid defendants $7,500.00. Defendants provided "written information, articles, spreadsheets, wholesaling information, and local contacts for investment purposes to Plaintiff." However, "Plaintiff has notified Defendants of the discontent of the course and information provided" and requested a refund, which defendants denied. Specifically, plaintiff asserted that he received no help from defendants in participating in five wholesale real estate closings. Plaintiff sought recovery on the basis of breach of contract, quantum meruit and quantum valebant/unjust enrichment.

On 12 May 2014, defendants Nucapital Associates, Inc., and A.C. Johnson filed separate motions to dismiss plaintiff's complaint pursuant to Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

During a hearing held on 22 August 2014, the trial court inquired as to whether plaintiff had asserted that the time frame defendants had to perform under the terms of the contract had expired. Noting that plaintiff failed to allege when defendants' performance was supposed to happen, the trial court reasoned that plaintiff could not prevail on an action for breach of contract. And, as plaintiff alleged the existence of an actual contract, the trial court rendered a ruling that plaintiff's claims for recovery under theories of quantum meruit and quantum valebant/unjust enrichment were

precluded. In its 25 August 2014 order, the trial court found that plaintiff failed to state a claim upon which recovery could be granted and, thus, granted defendants' Rule 12(b)(6) motion to dismiss plaintiff's complaint. Plaintiff appeals.

_____

On appeal, plaintiff raises the following issues: Whether the trial court erred by dismissing his claims for (I) breach of contract and (II) unjust enrichment pursuant to Rule 12(b)(6).

### *Standard of review*

"The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true." *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428 (2007) (citation omitted). "[O]ur Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 248, 628 S.E.2d 427, 428 (2006) (citation and quotations omitted).

> Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Allred v. Capital Area Soccer League, Inc.*, 194 N.C. App. 280, 282—83, 669 S.E.2d 777, 778 (2008).

> Thus, a complaint is deemed sufficient to withstand a motion to dismiss under Rule 12(b)(6) where no "insurmountable bar" to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim. *Presnell v. Pell*, 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979). . . . Under Rule 12(b)(6), unless matters outside the pleadings are presented such that the court treats the motion as one for summary judgment under N.C. R. Civ. P. 56, the motion does not present the merits of the action, but only whether the merits may be reached. Thus, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

*Johnson v. Bollinger*, 86 N.C. App. 1, 4, 356 S.E.2d 378, 380—81 (1987) (citations and quotations omitted). Further, "[a] claim for relief should not suffer dismissal unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Presnell*, 298 N.C. at 719, 260 S.E.2d at 613 (citation omitted).

## I

On appeal, plaintiff argues that the trial court erred by dismissing his cause of action for breach of contract. Plaintiff contends that he stated all requisite elements of a breach of contract and that the time for performance is not a required element for a breach of contract claim at the pleadings stage. We agree.

"In a breach of contract action, a complainant must show that there is (1) existence of a valid contract, and (2) breach of the terms of that contract." *Sanders v.*

*State Pers. Comm'n*, 197 N.C. App. 314, 320, 677 S.E.2d 182, 187 (2009) (citation and quotations omitted).

In support of his argument that the time for performance is not a required element to state a claim for breach of contract, plaintiff cites *Sockwell & Associates, Inc. v. Sykes Enterprises Inc.*, 127 N.C. App. 139, 487 S.E.2d 795 (1997). In *Sockwell,* the plaintiff Sockwell was an employee recruitment firm which entered into a contract with the defendant, Sykes Enterprises Inc. (SEI). *Id.* at 140, 487 S.E.2d at 796. The contract provided that if SEI were to cancel Sockwell's services, SEI would be responsible for all expenses incurred and professional services rendered before notice of cancellation was received. *Id.* Sockwell performed under the contract and presented two candidates for SEI's consideration. Thereafter, despite having received two invoices, SEI failed to make any payment to Sockwell. *Id.* at 141, 487 S.E.2d at 796. Setting aside a jury verdict in favor of Sockwell on a claim for breach of contract, the trial court reasoned that because the contract did not specify a time by which payments were to be made, it was impossible to determine whether a breach had occurred. *Id.* at 142, 487 S.E.2d at 797. This Court reversed the judgment, holding that the trial court had misapplied the law: "[s]pecificity of payment due dates is not required to show breach of contract for nonpayment. Our courts have held that where no date for payment is specified in the contract, the courts will presume a reasonable time." *Id.* (citations omitted).

We also consider *Phoenix Ltd. Partnership of Raleigh v. Simpson*, 201 N.C. App. 493, 688 S.E.2d 717 (2009), in which the plaintiff and the defendants entered into an agreement for the sale of real property but never reached a closing. An environmental assessment revealed the presence of contaminants, and the defendants indicated they would rehabilitate the property rather than sell it as contaminated property. Four years later, the plaintiff learned that the defendants had entered into an agreement to sell the property to a third-party. The plaintiff filed an action against the defendants claiming breach of contract. In an order for partial summary judgment, the trial court granted the plaintiff the relief of specific performance. On appeal, this Court considered whether the plaintiff had waived the right to compel the defendants' performance. *Id.* at 499—500, 688 S.E.2d at 722. The *Phoenix* Court reasoned that "in order for the clock to start ticking on the reasonable time frame [beyond which the plaintiff may be deemed to have waived the right to compel specific performance], [the] defendants were required to notify [the] plaintiff that they had completed their cleanup and were ready and able to perform." *Id.* at 505, 688 S.E.2d at 725. Thus, the Court did not need to consider whether the plaintiff's action for specific performance was filed within a reasonable time period to uphold the trial court's order in favor of the plaintiff on its claim for breach of contract.

Therefore, as the provision of a specific time period for performance was not a dispositive factor in the plaintiff's claim for breach of contract in either *Sockwell & Associates, Inc.*, or *Phoenix Ltd. Partnership*, the failure to assert when a party's

performance becomes due is not, standing alone, fatal to a claim for breach of contract.[1]

In the complaint before us, plaintiff alleges that he entered into a verbal contract with defendants "for a real estate course that included . . . Defendants providing articles, spreadsheets, wholesaling information, local contacts for investment purposes and a promise of helping . . . Plaintiff in five wholesale real estate closings . . . ." Plaintiff alleges that he paid defendants $7,500.00 for the real estate course, and that defendants "provided [plaintiff with] written information, articles, spreadsheets, wholesaling information, and local contacts for investment purposes . . . ." However, "Plaintiff has received no help in participating in five wholesale real estate closings." Further, plaintiff alleges that he made numerous attempts to collect a refund from defendants, including sending a demand letter, all to no avail. Plaintiff has alleged the essential elements of a breach of contract, i.e., the existence of a valid contract and a breach of the terms of that contract. *See Sanders*, 197 N.C. App. at 320, 677 S.E.2d at 187. By this holding, at the 12(b)(6) stage, we of course make no projection as to whether plaintiff can prevail on the merits at the summary judgment stage, only that plaintiff has the right to proceed to the merits of the case. "Thus, the issue is not whether . . . plaintiff will ultimately

---

[1] We acknowledge that this Court's opinions in *Sockwell & Associates* and *Phoenix Ltd. Partnership* did not address rulings made at the pleadings stage, but still, we find their guidance instructive.

prevail but whether [plaintiff] is entitled to offer evidence to support the claims." *Johnson*, 86 N.C. App. at 4, 356 S.E.2d at 381 (citation and quotations omitted).

As a second ground for the trial court's 12(b)(6) dismissal of plaintiff's breach of contract claim, defendants allege that they owed a duty to help plaintiff in five real estate closings only *after* plaintiff had properties under contract. Thus, defendants argue, because the complaint fails to allege that plaintiff had properties under contract, the complaint lacks sufficient assertions to satisfy the required element of breach.

Defendants' argument amounts to the imposition of a condition precedent prior to the accrual of defendants' performance. "A condition precedent is a fact or event, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty . . . ." *Cox v. Funk*, 42 N.C. App. 32, 34, 255 S.E.2d 600, 601 (1979); *accord Mosely v. WAM, Inc.*, 167 N.C. App. 594, 600, 606 S.E.2d 140, 144 (2004). We note that "[c]onditions precedent are not favored by the law." *Craftique, Inc. v. Stevens and Co.*, 321 N.C. 564, 566, 364 S.E.2d 129, 131 (1988) (citation omitted).

Contractual provisions will not be construed as conditions precedent in the absence of language clearly and unambiguously requiring such construction. *In re Foreclosure of Goforth Props., Inc.*, 334 N.C. 369, 375—76, 432 S.E.2d 855, 859 (1993). Language that clearly requires the construction of a condition precedent includes "the use of such words as 'when,' 'after,' 'as soon as,' and the like[,]" because such language

"gives clear indication that a promise is not to be performed except upon the happening of a stated event." *Id.* at 376, 432 S.E.2d at 859 (citations and quotations omitted).

There is no indication on the face of the complaint that the oral agreement between plaintiff and defendants contained language such as "when," "after," or "as soon as" when describing at what point defendants' duty to help plaintiff with the closings would accrue. Rather, plaintiff only alleges that defendants agreed to "help" with closings. Therefore, because the complaint alleges no condition that was to occur, or promise to be performed before defendants' duty to perform accrued, defendants' argument that plaintiff's failure to assert the satisfaction of a condition precedent— that he had properties under contract—compels the dismissal of his breach of contract claim pursuant to Rule 12(b)(6), is overruled.

We hold that no insurmountable bar to recovery appears on the face of the complaint, and as the complaint gives notice of the nature and extent of plaintiff's claim, plaintiff is entitled to present evidence to support his claim. *See Johnson*, 86 N.C. App. at 4, 356 S.E.2d at 380—81. Accordingly, the trial court's order is reversed and this matter remanded for further proceedings.

## II

We do not further address plaintiff's argument regarding relief under a theory of quantum meruit.

REVERSED AND REMANDED.

Judges DAVIS and INMAN concur.

Report per Rule 30(e).