TYSON, Judge.
 

 *583
 
 Maggie B. McDonald ("Plaintiff") appeals the trial court's 1 September 2017 order granting The Bank of New York Mellon Trust Company, National Association's f/k/a The Bank of New York Mellon Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as successor-in-interest to Bank One, National Association, as Trustee For Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2001-RS3 ("Bank of New York Mellon") and Specialized Loan Servicing, LLC's ("SLS") (collectively, "Defendants") motion to dismiss. We affirm.
 

 I. Background
 

 Plaintiff and her husband, Turnal D. McDonald, have lived at the same house situated in Fayetteville, North Carolina for over sixteen years. On 12 June 2001, Plaintiff obtained a fifteen-year mortgage loan from Decision One Mortgage Company, LLC, which is secured by a deed of trust on her home. The principal amount of the mortgage was $185,491.25 and carried a 9.60% annual interest rate, with monthly payments of $1,573.27. Plaintiff agreed to pay off the mortgage loan in full by 18 June 2016. The deed of trust securing the loan was properly recorded in the Cumberland County Registry at deed book 5499, page 278.
 

 At an unspecified time after the mortgage loan was made, Decision One Mortgage Company, LLC transferred the ownership and servicing of the loan to GMAC Mortgage, LLC ("GMAC"). Plaintiff made the required monthly loan payments until January 2010, when she defaulted on those payments to GMAC. On 1 February 2011, Plaintiff petitioned for Chapter 13 bankruptcy. Plaintiff's bankruptcy petition was dismissed without discharge on 2 March 2012.
 

 After the bankruptcy dismissal, Plaintiff allegedly submitted a loan modification application to GMAC. In June 2012, GMAC approved Plaintiff for a trial loan modification under the Home Affordable Modification Program. GMAC temporarily reduced Plaintiff's required monthly payments from $1,573.27 to $1,117.82 and required three timely consecutive payments of that amount.
 

 *863
 
 After Plaintiff allegedly made the three monthly payments under the trial loan modification, GMAC allegedly offered her a permanent loan modification agreement in September 2012. Plaintiff agreed to the permanent loan modification agreement on 26 September 2012. The monthly payments under the permanent loan modification agreement
 
 *584
 
 were to be paid by the first of each month, with the first payment due on 1 October 2012.
 

 At some unspecified time after Plaintiff had entered the permanent loan modification agreement, GMAC transferred the ownership and servicing rights of Plaintiff's mortgage loan to Defendants, SLS and Bank of New York Mellon. On 15 October 2012, Plaintiff allegedly tendered a $1,441.92 mortgage payment to SLS under the permanent loan modification agreement. Sometime in November 2012, Plaintiff's niece, Sobriena Medley, telephoned SLS on Plaintiff's behalf to make a second mortgage payment. SLS allegedly refused to accept Plaintiff's modified loan payment upon the grounds that Plaintiff's loan had not been modified.
 

 In December 2012, Ms. Medley again allegedly called SLS on Plaintiff's behalf to make the third mortgage payment under the permanent loan modification agreement. SLS also allegedly refused to accept that payment because the loan had not been modified.
 

 Over three years later on 6 February 2016, Substitute Trustee Services, Inc. ("the Substitute Trustee"), initiated a power of sale foreclosure proceeding with the Cumberland County Clerk of Superior Court against Plaintiff on behalf of Bank of New York Mellon. On 23 May 2016, the clerk of superior court issued an order pursuant to
 
 N.C. Gen. Stat. § 45-21.16
 
 (d), which included all of the statutorily required findings to permit a foreclosure sale. The clerk's order included, in part, the finding that "said note is now in default...." The clerk's order authorized the Substitute Trustee to proceed with a foreclosure by power of sale on Plaintiff's home. Plaintiff did not appeal from the clerk's order.
 

 Plaintiff subsequently filed another Chapter 13 bankruptcy to attempt to stay the foreclosure sale on 10 June 2016. As part of the bankruptcy proceeding, SLS filed a proof of claim on 30 September 2016, asserting Plaintiff owed approximately $276,470.58 to Bank of New York Mellon, and that the debt was secured by the deed of trust on Plaintiff's home. SLS attached a copy of the permanent loan modification agreement signed by Plaintiff to its proof of claim. SLS alleged that Plaintiff was past due on the November 2012 payment required under the agreement, which Plaintiff alleges her niece attempted to pay on her behalf.
 

 On 25 October 2016, Plaintiff objected to SLS's proof of claim. Plaintiff later withdrew the objection and the debt identified in the proof of claim was included in Plaintiff's bankruptcy plan. On 12 May 2017, the United States Bankruptcy Court for the Eastern District of North Carolina dismissed Plaintiff's bankruptcy case as a result of her inability to make payments in accordance with her bankruptcy plan.
 

 *585
 
 On 23 May 2017, the Substitute Trustee filed an
 
 ex parte
 
 motion to reactivate foreclosure. The clerk of superior entered an order allowing the foreclosure sale of Plaintiff's home to proceed. A foreclosure sale was conducted on 17 July 2017. Plaintiff's home was sold to Bank of New York Mellon as the highest bidder.
 

 On 27 July 2017, Plaintiff filed a motion for preliminary injunction and verified complaint pursuant to
 
 N.C. Gen. Stat. § 45-21.34
 
 to enjoin the foreclosure sale. In her motion and complaint, Plaintiff asserts several legal and equitable claims, including: a claim for specific performance requesting the trial court to order Defendants to comply with the terms of the permanent loan modification agreement, a breach of contract claim, a breach of the duty of good faith and fair dealing claim, and an unfair or deceptive trade practices claim pursuant to
 
 N.C. Gen. Stat. § 75-1.1
 
 .
 

 On 16 August 2017, Defendants filed a motion to dismiss pursuant to Rule of Civil Procedure 12(b)(6), asserting Plaintiff's verified complaint failed to state a claim for relief and that the doctrines of
 
 res judicata
 
 and collateral estoppel barred Plaintiff from asserting claims premised upon Plaintiff not being in default. Plaintiff was expressly
 
 *864
 
 found to be in default on payments due on the note in the clerk of superior court's 23 May 2016 order. Defendant's motion to dismiss also asserted Plaintiff should be estopped from asserting a breach of the permanent loan modification agreement, because Plaintiff had previously alleged the agreement was forged before the bankruptcy court.
 

 On 1 September 2017, the trial court granted Defendant's motion to dismiss and dismissed Plaintiff's verified complaint with prejudice. Plaintiff filed timely notice of appeal of the trial court's order.
 

 II. Jurisdiction
 

 Appeal lies of right in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 1-277 (2017).
 

 III. Issue
 

 Plaintiff argues the trial court erred in granting Defendants' motion to dismiss and asserts she adequately stated claims for which relief can be granted. She asserts the clerk of court's determination of her being in default did not collaterally estop her from asserting contract and unfair or deceptive trade practice claims against Defendants.
 

 *586
 

 IV. Standard of Review
 

 In reviewing an order granting a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), this Court is to analyze:
 

 whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true.
 

 Bissette v. Harrod
 
 ,
 
 226 N.C. App. 1
 
 , 7,
 
 738 S.E.2d 792
 
 , 797 (2013) (citations omitted),
 
 disc. review denied
 
 ,
 
 367 N.C. 219
 
 ,
 
 747 S.E.2d 251
 
 (2013). A motion to dismiss should be granted when: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim."
 
 Wood v. Guilford Cty.
 
 ,
 
 355 N.C. 161
 
 , 166,
 
 558 S.E.2d 490
 
 , 494 (2002) (citation omitted).
 

 "[W]hen ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers[.]"
 
 Oberlin Capital, L.P. v. Slavin
 
 ,
 
 147 N.C. App. 52
 
 , 60,
 
 554 S.E.2d 840
 
 , 847 (2001). We review the trial court's dismissal of an action
 
 de novo
 
 .
 
 Grich v. Mantelco, LLC
 
 ,
 
 228 N.C. App. 587
 
 , 589,
 
 746 S.E.2d 316
 
 , 318 (2013).
 

 V. Analysis
 

 Plaintiff contends the trial court improperly dismissed her verified complaint because: (1) her legal and equitable claims are supported by sufficient allegations; and (2) any determinations made in a non-judicial foreclosure proceeding before a clerk of court do not implicate
 
 res judicata
 
 or collateral estoppel in a subsequent judicial action.
 

 A. Contractual Claims
 

 In her verified complaint, Plaintiff asserts claims for: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; and (3) specific performance to enforce the permanent loan modification agreement.
 

 "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of [the] contract."
 
 McLamb v. T.P. Inc.
 
 ,
 
 173 N.C. App. 586
 
 , 588,
 
 619 S.E.2d 577
 
 , 580 (2005) (citation omitted),
 
 disc. review denied
 
 ,
 
 360 N.C. 290
 
 ,
 
 627 S.E.2d 621
 
 (2006). "To state a valid claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must plead that the party charged took action
 
 *587
 
 'which injure[d] the right of the other to receive the benefits of the agreement,' thus 'depriv[ing] the other of the fruits of [the] bargain.' "
 
 Conleys Creek Ltd. P'ship v. Smoky Mountain Country Club Prop. Owners Ass'n, Inc
 
 ., --- N.C. App. ----, ----,
 
 805 S.E.2d 147
 
 , 158 (2017) (alterations in original) (quoting
 
 Bicycle Transit Authority, Inc. v. Bell
 
 ,
 
 314 N.C. 219
 
 , 228-29,
 
 333 S.E.2d 299
 
 , 305 (1985) ),
 
 disc. review denied
 
 ,
 
 370 N.C. 695
 
 ,
 
 811 S.E.2d 596
 
 (2018). A defendant cannot breach a covenant of good faith and fair
 
 *865
 
 dealing when a claimant fails to establish the defendant breached the underlying contract.
 
 See
 

 Suntrust Bank v. Bryant/Sutphin Props., LLC
 
 ,
 
 222 N.C. App. 821
 
 , 833,
 
 732 S.E.2d 594
 
 , 603 (2012).
 

 "The party claiming the right to specific performance must show
 
 the existence of a valid contract
 
 , its terms, and either
 
 full performance on his part
 
 or that he is ready, willing and able to perform."
 
 Munchak Corp. v. Caldwell
 
 ,
 
 301 N.C. 689
 
 , 694,
 
 273 S.E.2d 281
 
 , 285 (1981) (emphasis supplied and citation omitted).
 

 The permanent loan modification agreement, attached as an exhibit to Plaintiff's verified complaint, states payments were due on the first day of each month. Plaintiff does not allege she made all required payments by the first of each month as provided by the permanent loan modification agreement.
 

 Attached as an exhibit to Plaintiff's complaint is a transactional history showing her payment due 1 October 2012 was made on 15 October 2012. The permanent loan modification agreement specifically states, "This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied." The first subsection under Section 2 states that "TIME IS OF THE ESSENCE[.]" The permanent loan modification agreement specifically states and expressly requires "the first modified payment will be due on October 01, 2012." The agreement does not contain a grace or forbearance period for this requirement.
 

 Plaintiff asserts no equitable defense to foreclosure in her complaint, asserting Defendants had waived the right to prompt payment by purportedly accepting a late payment on 15 October 2012.
 
 See
 

 In re Foreclosure of Goforth Properties, Inc.
 
 ,
 
 334 N.C. 369
 
 , 374,
 
 432 S.E.2d 855
 
 , 859 (1993) ("Equitable defenses to foreclosure, such as waiver of the right to prompt payment through acceptance of late payments, may not be raised in a hearing pursuant to N.C.G.S. § 45-21.16 or on appeal therefrom but must be asserted in an action to enjoin the foreclosure sale under N.C.G.S. § 45-21.34.").
 

 Viewing the allegations in Plaintiff's complaint as true, and in light of the exhibits attached to it and referenced therein, the permanent loan
 
 *588
 
 modification agreement did not become effective, due to her failure to make a timely first payment by 1 October 2012.
 
 See
 

 Eastway Wrecker Serv., Inc. v. City of Charlotte
 
 ,
 
 165 N.C. App. 639
 
 , 642,
 
 599 S.E.2d 410
 
 , 412 (2004) ("Since the exhibits to the complaint were expressly incorporated by reference in the complaint, they were properly considered in connection with the motion to dismiss as part of the pleadings."),
 
 aff'd per curiam
 
 ,
 
 360 N.C. 167
 
 ,
 
 622 S.E.2d 495
 
 (2005).
 

 Plaintiff premises all her claims upon the validity of the permanent loan modification. Plaintiff asserts no equitable defense to foreclosure in her complaint, asserting Defendants waived or should be estopped from requiring prompt payment, by purportedly accepting a late payment on 15 October 2012.
 
 See
 

 Goforth
 
 ,
 
 334 N.C. at 374
 
 ,
 
 432 S.E.2d at 859
 
 .
 

 Presuming Plaintiff's complaint to be true, the permanent loan modification agreement Plaintiff alleges Defendants breached had not commenced and was not in effect, when Defendants allegedly refused to accept the payments tendered on her behalf in November and December 2012.
 
 Schlieper v. Johnson
 
 ,
 
 195 N.C. App. 257
 
 , 265,
 
 672 S.E.2d 548
 
 , 553 (2009) ("The trial court may reject allegations that are contradicted by documents attached to the complaint [on a Rule 12(b)(6) motion.]" (citation omitted) ).
 

 Plaintiff cannot meet her burden of proof on her claims for breach of contract, specific performance, and breach of the covenant of good faith and fair dealing. She has failed to allege sufficient facts to show the permanent home modification agreement was binding upon Defendants, or that she had timely performed according to the terms of the permanent home modification agreement.
 

 Upon review of the face and exhibits of Plaintiff's complaint, the trial court correctly held Plaintiff cannot prevail on her contractual claims. Her complaint shows the permanent loan modification agreement she alleges Defendants breached did not commence and was in effect, because she failed to make a time-is-of-the-essence payment as due by 1
 
 *866
 
 October 2012. Plaintiff's arguments are overruled.
 

 B. Unfair or Deceptive Trade Practices
 

 Plaintiff's unfair or deceptive trade practices claim alleges Defendants (1) refused to honor the terms of the permanent loan modification agreement by rejecting payments from Plaintiff; (2) initiated foreclosure proceedings against Plaintiff's property; and (3) forced Plaintiff to file Chapter 13 bankruptcy and incur additional expenses, costs and attorney's fees in an effort to stay the foreclosure proceedings.
 

 *589
 
 "In order to establish a
 
 prima facie
 
 claim for unfair trade practices, a plaintiff must show: (1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff."
 
 Bumpers v. Cmty. Bank of N. Va.
 
 ,
 
 367 N.C. 81
 
 , 88,
 
 747 S.E.2d 220
 
 , 226 (2013) (citation omitted). "[A]ctions for unfair or deceptive trade practices are distinct from actions for breach of contract, and a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1."
 
 Suntrust Bank
 
 ,
 
 222 N.C. App. at 826
 
 ,
 
 732 S.E.2d at 599
 
 .
 

 Plaintiff alleges Defendants committed unfair or deceptive trade practices by allegedly refusing to accept her November and December 2012 mortgage payments without reason, which proximately caused injury to her due to her default on the permanent loan modification agreement. Because the permanent loan modification agreement did not commence and go into effect due to Plaintiff's failure to make a timely payment by 1 October 2012, Defendants could not have committed unfair or deceptive trade practices by refusing to honor an agreement that was not in effect. Plaintiff has failed to state an unfair or deceptive trade practices claim for which relief can be granted. Plaintiff's arguments are overruled.
 

 C. Collateral Estoppel and Res Judicata
 

 Based on our determination that Plaintiff has failed to state any claim for which relief can be granted, it is not necessary to address the parties' remaining arguments regarding the doctrines of
 
 res judicata
 
 and collateral estoppel.
 

 VI. Conclusion
 

 Plaintiff has failed to plead claims for which relief can be granted. Construing Plaintiff's complaint as true and in conjunction with the permanent loan modification agreement attached thereto, Plaintiff did not make a timely payment on 1 October 2012 to validate and initiate the permanent loan modification agreement. Defendants could not be in breach of the defaulted permanent loan modification agreement for refusing to accept payments in November and December 2012. Because of Plaintiff's late payment, Defendants cannot breach an agreement not in effect. Plaintiff cannot succeed on her claims for breach of contract, specific performance, and breach of the covenant of good faith and fair dealing as a matter of law.
 

 *590
 
 Plaintiff has also failed to assert a viable claim for unfair or deceptive trade practices. Defendants were under no obligation to accept payments in November and December 2012, after Plaintiff failed to submit a timely payment on 1 October 2012. The order of the trial court dismissing Plaintiff's complaint with prejudice is affirmed.
 
 It is so ordered.
 

 AFFIRMED.
 

 Judges ELMORE and ZACHARY concur.